TEÓFILO MARXUACH-PLUMEY, Plaintiff and Appellant, *v.* CAROLINA A. ACOSTA-ACOSTA ET AL., Defendants and Appellees.

No. 3907. Argued May 3, 1926.—Decided July 6, 1926.

*Manuel Tous Soto* for the appellant. *Mariano* and *Federico Acosta Velarde* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

On the 22nd of April, 1926, two papers were presented in the office of the secretary of this court. One reached there between 2 and 3 p. m. and the other between 4 and 5 p. m. The latter purported to be a transcript of the record. The former was a motion to dismiss, in complete order, provided that it reached the court before the transcript was filed and was duly notified to the appellant.

Rule 58 of this court provides:

"If the transcript of the record or the brief made by appellants be not filed within the time prescribed the appeal may be dismissed, on motion, after notice given. If the transcript, though not filed within the time prescribed, be on file at the time such notice is given, that fact shall be sufficient answer to the motion."

These appellees relied on a notice by mail. It is not doubted that the attorney for the appellant lives in San Juan where the case was tried. The affidavit of service said in effect that server of the notice was informed that the office of the appellant's attorney was closed and that the attorney

was abroad in the Island. Verbally appellant's attorney denied the physical possibility of his office being closed when the supposed informant had his office open, but it is unnecessary to dwell on this question of fact.

Section 320 of the Code of Civil Procedure provides:

"The service of notice or other paper may be personal, by delivery to the party or attorney on whom the service is required to be made, or it may be as follows:

"1. If upon an attorney, it may be made during his absence from his office, by leaving the notice or other papers with his clerk therein, or with a person having charge thereof; or when there is no person in the office, by leaving them, between the hours of eight in the morning and four in the afternoon, in a conspicuous place in the office; or if it be not open so as to admit of such service, then by leaving them at the attorney's residence with some person of suitable age and discretion; and if his residence be not known, then by putting the same, inclosed in an envelope, into the post-office, directed to such attorney."

Section 321 provides:

"Service by mail may be made, where the person making the service, and the person on whom it is to be made, reside or have their offices in different places, between which there is a regular communication by mail."

■ Under these provisions the right to notice by mail did not arise. Appellant's attorney admittedly resided in San Juan. No attempt was shown to reach his residence and there was, no affidavit that the residence of the attorney was unknown. Indeed, the affidavit of service has some of the earmarks of a service between two different cities, as the affiant swears as to a "regular mail service of San Juan."

As no proper notice to the attorney was made, the motion of April 22, 1926, to dismiss must be overruled.

■ On the 27th. of April, 1926, the appellees filed another motion, but without accompanying documents. The appellees apparently relied on the documents previously filed, but did not identify them. When the second motion was pre-

sented the transcript had been on file for five days. The second motion can not prevail, and it must likewise be overruled.